UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FIRSTMERIT BANK, N.A.,

    Plaintiff,

v.                                                                                    Case No. 1:14-CV-370

DAVID W. TAYLOR and MARIAN                           HON. GORDON J. QUIST
TAYLOR, jointly and severally,

    Defendants.
_____/

## OPINION

    Plaintiff, FirstMerit Bank, N.A., invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), filed a two-count Complaint against Defendant, David W. Taylor, alleging claims of breach of contract and open account. Both claims arise out of a loan that Defendant obtained from Citizens Bank, FirstMerit's predecessor-in-interest.[1]

    FirstMerit has moved for summary judgment. After the motion was fully briefed, the Court set it for oral argument. On October 15, 2014—the day the motion was set for oral argument—Defendant filed a Chapter 13 bankruptcy petition. (Dkt. # 20.) The Court then administratively closed the case. On December 17, 2014, the Court granted FirstMerit's motion to reopen the case after the bankruptcy court dismissed Defendant's Chapter 13 case because Defendant failed to file the requisite schedules and other documents. (Dkt. # 26.) The Court then re-noticed FirstMerit's motion for oral argument for January 8, 2015. However, on January 7, 2015, Defendant filed another Chapter 13 bankruptcy petition. On February 9, 2015, the bankruptcy court dismissed Defendant's second bankruptcy case, again for failure to file the proper documents. (Dkt.

---

[1] On October 29, 2014, the Court dismissed Marian Taylor as a Defendant pursuant to Fed. R. Civ. P. 25(a)(1) because no party had made a motion for substitution. (Dkt. # 21.)

# 32-7.) FirstMerit then moved to reopen the case before this Court. The Court granted the motion and set FirstMerit's motion for summary judgment for oral argument for March 24, 2015. The Court heard oral argument on that date. Counsel for FirstMerit and a representative of FirstMerit attended the hearing, but neither Defendant nor his counsel showed up.

For the reasons set forth below and for the reasons given at oral argument, the Court will grant the motion and enter judgment for FirstMerit against Defendant.

## I. FACTS

On December 14, 2012, Defendant obtained a loan from Citizens Bank in the principal amount of $720,862.08. In connection with the loan, Defendant executed a promissory note (Note) in favor of Citizens Bank and a related Business Loan Agreement (Loan Agreement). (Dkt. ## 14-1, 14-2.) First Merit is the successor to Citizens Bank and, thus, is the holder of the Note and the Loan Agreement.

The Loan Agreement imposes certain obligations on Defendant. One such obligation is that Defendant must furnish the following to First Merit: "Annual Certificate of Compliance for Rental Dwelling of David and Marian Taylor. Due as soon as available but in no event later than 30 days after existing Certificate Expiration Date." (Dkt. #14-3 at Page ID#78.) The Note specifies that a failure to comply with or perform any obligation, covenant, or condition under any of the related loan documents constitutes a default under the Note. (Dkt. # 14-2 at Page ID#74.) In the event of a default, FirstMerit "may declare the entire unpaid principal balance under [the] Note and all accrued unpaid interest immediately due . . . ." (*Id.* at Page ID# 75.)

On January 27, 2014, FirstMerit sent Defendant a notice of default on the loan, based on Defendant's failure to timely provide an Annual Certificate of Compliance. (Dkt. # 14-4.) FirstMerit gave Defendant until February 14, 2014 to cure the default, and warned him that if he

failed to cure the default by that date, FirstMerit may exercise its rights and remedies provided under the loan documents and/or by law. (*Id.* at Page ID#84.) Defendant failed to cure the default within the time provided, (*see* Dkt. # 14-7 at Page ID#95, ¶ 2), and FirstMerit filed the instant lawsuit to collect the amount due under the Note.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## III. DISCUSSION

In order to establish a breach of contract claim, a plaintiff must prove: "(1) the existence of a contract between the parties, (2) the terms of the contract require performance of a certain action by the defendant, (3) the defendant breached its obligation to perform, and (4) the plaintiff incurred damages as a result of the breach." *I.B. Mini-Mart II, Inc. v. JSC Corp.*, No. 296982, 2011 WL 1435978, at *2 (Mich. Ct. App. Apr. 14, 2011) (per curiam) (citing *Synthes Spine Co. v. Calvert*, 270 F. Supp. 2d 939, 942 (E.D. Mich. 2003)).

FirstMerit has carried its summary judgment burden by showing that: (1) the parties entered a binding contract consisting of the Note and the Loan Agreement; (2) the Loan Agreement requires

Defendant to furnish an Annual Certificate of Compliance within a specified time; (3) Defendant failed to provide the Annual Certificate of Compliance within that time; and (4) as a result of the breach, FirstMerit has suffered damages because Defendant failed to pay the amount due under the Note—$691,358.67 as of March 27, 2015—after FirstMerit accelerated the balance based on Defendant's default. As of the date of oral argument, March 24, 2015, the unpaid balance was $750,416.00.

In his response, Defendant admits that he entered into the Note and Loan Agreement and that under the Loan Agreement is obligated to provide a timely Annual Certificate of Compliance. While Defendant concedes that he failed to provide a timely Annual Certificate of Compliance to FirstMerit, he argues that he is excused from this requirement because the City of Lansing has refused to inspect the rental premises and provide him the necessary certificate. Defendant further argues that FirstMerit has failed to show that it suffered damages because he has made all of the payments due under the Note in a timely manner. However, Defendant fails to cite any provision of the Note or the Loan Agreement that excuses compliance with his obligations under those documents when a third-party fails to act. Moreover, Defendant cites no case law supporting his argument that the City of Lansing's failure to act excuses him from complying with his obligations under the Note and/or Loan Agreement. As for Defendant's assertion that FirstMerit has failed to show that it suffered damages, FirstMerit has shown that it has been damaged by Defendant's failure to pay the balance due under the Note after he failed to cure his default.[2] In other words, Defendant's failure to pay the accelerated balance under the Note has caused FirstMerit damage.

Finally, Defendant contends that FirstMerit acted in bad faith by accelerating the balance of

---

[2] FirstMerit also contends that Defendant has defaulted on the Note by failing to pay real property taxes on certain property on which FirstMerit holds a mortgage. The Court will not consider this allegation because FirstMerit has not presented any admissible evidence that establishes this default.

the Note because Defendant is not responsible for the default. However, Defendant has not supported his allegations of bad faith, as FirstMerit is simply exercising its contractual right to enforce the terms of the Note.[3] Moreover, Defendant has now had ample time to cure the default by obtaining and submitting an Annual Certificate of Compliance to FirstMerit, but he has failed to do so.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant FirstMerit's Motion for Summary Judgment and enter judgment against Defendant in the amount of $750,416.00, together with interest accruing at the statutory rate permitted by M.C.L. § 600.6013(7), and attorney fees and costs that FirstMerit has incurred in enforcing the Note.

A separate Order consistent with this Opinion will be entered.


Dated: March 26, 2015                          /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE

---

[3] As FirstMerit notes, the Court need not address its open account claim if it concludes that FirstMerit is entitled to summary judgment on its breach of contract claim. Having so concluded, the Court will not consider the open account claim.